**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MOUSSA DIAWARA,

Plaintiff,

v.

MARKWAYNE MULLIN *et al.*,

Defendants.

Case No. 26-cv-3440 (JMC)

**ORDER**

Before the Court is Moussa Diawara's Emergency Motion for a Temporary Restraining Order Enforcing 8 C.F.R. § 208.6, and for a Sworn Account of Defendants' Public Disclosure and Leave to Supplement the Record. ECF 35. For the reasons below, Diawara's motion is **DENIED** in part and **GRANTED** in part.

Diawara alleges that, after he appeared on a *60 Minutes* segment, the Department of Homeland Security, its General Counsel, and Immigration and Customs Enforcement took to social media to post nonpublic information from his immigration file in violation of 8 C.F.R. § 208.6. ECF 35 at 2–3. After a Fox News correspondent allegedly published Diawara's asylum application, the DHS and ICE posts continued, recirculating the publication and asserting that Diawara had engaged in "immigration fraud" by falsely claiming that he was gay to obtain withholding of removal. *Id.* at 3. These posts have been viewed millions of times. *See id.* at 12. At an October 28, 2026 status conference, Defendants declined to assent to Diawara's requests to remove the posts.

The Court has sought explanation from Defendants as to the lawful basis for the disclosure of this information which, on the facts alleged, appears to pointlessly expose Diawara to harm. None has been forthcoming. On this record, the question before the Court is its authority to take action in response. For the reasons discussed at the October 28, 2026 status conference, the Court concludes that it may not issue preliminary relief of a different character than the relief sought in the complaint. *See Sai v. Transp. Sec. Admin.*, 54 F. Supp. 3d 5, 8–9 (D.D.C. 2014). And the Court does not find clear authority supporting the exercise of its inherent power to grant Diawara the relief he seeks. Without minimizing the effects of these publications on Diawara, the extrajudicial statements at issue do not clearly interfere with the Court's resolution of the claims before it, and thus this is a different case than those cited by Diawara. This is not like *Doe v. Noem*, No. 25-cv-769, 2025 WL 958249 (D.D.C. Mar. 31, 2025), in which a Court permitted a plaintiff to proceed under pseudonym and mostly under seal. There is no similar order in this case which Defendants have violated. And this is not like *Fredin v. Middlecamp*, Nos. 17-cv-3058, 18-cv-466, 20-cv-1929, 2020 WL 6867424, at *6 (D. Minn. Nov. 23, 2020), *aff'd per curiam*, 855 F. App'x 314 (8th Cir. 2021), in which a party used intimidating extrajudicial statements to attempt to influence judicial rulings. The statements at issue here were apparently in response to Diawara's appearance on *60 Minutes* and do not currently appear tethered to the conduct of this litigation.

To be clear, the Court is neither endorsing the disclosures nor ruling on the merits of their legality. But in this posture, all the Court can provide is prompt resolution of the pending motion for preliminary injunction, ECF 18. Accordingly, it is hereby

**ORDERED** that Diawara's Motion for Temporary Restraining Order Enforcing 8 C.F.R. § 208.6 is **DENIED**; it is further

**ORDERED** that Diawara's Motion for a Sworn Account of Defendants' Public Disclosure is **DENIED**; and it is further

**ORDERED** that Diawara's Motion for Leave to Supplement the Record is **GRANTED**. Exhibits A–S of Diawara's Motion for Temporary Restraining Order, ECF 35-1 through ECF 35-19, shall be part of the record for his Motion for Order to Show Cause and Preliminary Injunction, ECF 18.

**SO ORDERED.**

JIA M. COBB
United States District Judge

Date: October 30, 2026